IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19-cr-00265-DCN |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM DECISION AND** |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| DANIEL WAYNE JOINER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

Pending before the Court is Defendant Daniel Wayne Joiner's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 89. The Government has filed an opposition to Joinder's Motion. Dkt. 93. Joinder filed a reply and a declaration. Dkts. 94, 95. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On June 23, 2020, after pleading guilty to one count of distribution of

methamphetamine, a violation of 21 U.S.C. § 841(a)(1), the Court sentenced Daniel Joiner to 120 months of incarceration with five years of supervised release to follow. Dkt. 71. Joiner was incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"). Dkt. 90, at 3.

On October 20, 2020, Joiner submitted a request for Compassionate Release to the Warden of the Federal Detention Center in SeaTac Washington ("FDC SeaTac") and on January 5, 2021, to the Warden at the Federal Correctional Institution in Victorville, California ("FCI Victorville").[1] Dkt. 90, at 6. He cited a list of underlying issues that may affect his health if infected with COVID-19: HIV, Hepatitis B, and hypertension. Dkts. 90, at 1; 93, at 3. The government has opposed Joiner's Motion. Dkt. 93. Joiner replied to the Government's opposition, and his counsel, Katherine Ball, filed an additional Declaration to the Reply. Dkts. 94, 95. In Joiner's Reply, he lists several new developments that may affect the Court's determination: (1) his completion of a Drug Abuse Education Course on April 21, 2021; (2) his receiving both doses of a COVID-19 vaccine; and (3) certain alleged complications with obtaining medication in prison. Dkt. 94, at 1–2.

### III. LEGAL STANDARD

Joiner seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] For a court to consider granting a compassionate release, the district

---

[1] Joiner was incarcerated at both FCI SeaTac and FCI Victorville prior to his current incarceration at FCI Englewood. Dkt. 90, at Exhibit A.

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1

court must, as a threshold matter, determine whether a defendant has exhausted their administrative remedies. *Id.* Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id.* If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1011 (D. Haw. 2020). Indeed, many courts have proceeded to decide compassionate relief motions where the thirty-day period had lapsed even while a motion

---

(N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

was still pending before the BOP. *See, e.g.*, *Drummondo-Farias*, 460 F. Supp. 3d at 1013; *United States v. Johnson*, 2020 WL 2307306, at *4 (E.D. Cal. May 8, 2020) ("The court need not resolve any question of statutory construction here, because as of the date of this order, 30 days have passed since the date defendant administratively filed his reduction in sentence request. . . . [T]he court assumes defendant has exhausted without reaching the question of how to interpret the statutory text of § 3582(c)(1), and proceeds to consider the merits of the motion below."); *United States v. Hinz*, 2020 WL 2319924, at *1 (E.D. Cal. May 11, 2020) ("As of the date of this Order, 30 days have passed since Defendant filed his request. Therefore, Defendant has now met the exhaustion requirement."); *United States v. Simpson*, 2020 WL 2323055, at *2 (N.D. Cal. May 11, 2020) (granting the compassionate release motion after the 30-day exhaustion period lapses).

Joiner submitted a request for Compassionate Release with two separate Wardens at FDC SeaTac and FCI Victorville. Dkt. 90, at 6. Because Joiner's requests were filed on October 20, 2020, and January 5, 2021, respectively—and the statutory 30-day response period passed with no response from either Warden at FDC SeaTac or FCI Victorville— the Court finds Joiner has exhausted his administrative remedies in accordance with § 3582(c)(1)(A).[4] Dkt. 90, at 6.

### B. Extraordinary and Compelling Reasons

Having determined that Joiner exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent

---

[4] Both parties concede that the statutory 30-day response period has passed without a substantive response from either Warden at FDC SeaTac or FCI Victorville. Dkts. 90, at 6; 93, at 3.

reduction in Joiner's sentence, and whether "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Joiner bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *Drummondo-Farias*, 460 F. Supp. 3d at 1013–15; *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) the medical condition of the defendant, (B) the defendant's age, (C) certain family circumstances, and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of

applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Joiner suggests the "medical condition" scenario described in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.4 applies to his case. Specifically, Joiner points towards his pre-existing health issues, in conjunction with the COVID-19 pandemic, in general as reason for his release.[5] He further

---

[5] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

(A)      Medical Condition of the Defendant.—

(i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)     The defendant is—

(I)      suffering from a serious physical or medical condition,

(II)     suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the

MEMORANDUM DECISION AND ORDER - 6

advocates that his age increases the possibility of health complications if he were to contract COVID-19.[6]

At the outset, the Court notes that concern for the possibility of exposure to COVID-19 on its own does not meet extraordinary and compelling criteria. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). While Joiner has not contracted COVID-19 to date, even considering his pre-existing health conditions, his risk of serious illness or death from COVID-19 is relatively low because of the efforts of the BOP and its action plan.[7] Indeed, it was because of the BOP's action plan that Joiner was fully vaccinated prior to a call with his attorney Katherine Ball on May 9, 2021.[8] Dkt. 95, at 1–2; *United States v. Kim*, 2021

---

environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

[6] The "age of the defendant" may constitute an extraordinary and compelling reason for release where:

    (B)        Age of the Defendant.—

    (i)        The defendant is at least 65 years old;

    (ii)      is experiencing a serious deterioration in physical or mental health because of the aging process; and

    (iii)    has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13, Application Note 1(B).

[7] *Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 27, 2021). The CDC has "limited data" on the effects that COVID-19 can have on an AIDS patient, and it has concluded that "people with HIV who are on effective HIV treatment have the same risk for COVID-19 as people who do not have HIV." *COVID-19 and HIV*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/hiv/basics/covid-19.html (last visited May 26, 2021).

[8] At this time, FCI Englewood—where Joiner is currently incarcerated—has fully vaccinated 133 staff and 624 of the total population of 949 inmates, and there are no active COVID-19 cases in the inmate population. Dkt. 93 at 3,6; *COVID-19 Vaccine Implementation*, FEDERAL BUREAU OF PRISONS, [hereinafter FEDERAL BUREAU OF PRISONS VACCINE], https://www.bop.gov/coronavirus/ (last visited May 27, 2021); Federal Bureau of Prisons, COVID-19 Vaccine Guidance (2021), https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf. Furthermore, "[t]he

U.S. Dist. LEXIS 86830, at *6-7 (D. Haw. May 6, 2021) (denying the defendant's motion because he was fully vaccinated, and there were no active COVID-19 cases at the facility where he was located); *United States v. Stewart*, 2021 U.S. Dist. LEXIS 99588, at *7 n.3 (D.N.J. May 25, 2021) (denying defendant's compassionate release motion because the defendant had begun the vaccination process). Additionally, Joiner's pre-existing health conditions appear to be fully under control even if occasional delays in obtaining medication do occur. Dkts. 93, at 3; 93–1. Therefore, Joiner has not met any of the prongs available under U.S.S.G. § 1B1.13, Application Note 1(A).[9]

Turning to Joiner's claims under an age exemption, Joiner is 56 years old, appears to have all current pre-existing health conditions under proper control with medication,[10] has no signs of serious physical or mental health deterioration,[11] and has not completed 75% of his ten-year sentence.[12] Dkts. 90, at 6–9; 93, at 2; 93–1; 94, at 1–2. Thus, Joiner

---

possible availability of the vaccine in the near future is therefore not something that this [sic] court can ignore in ruling on [defendant's] compassionate release request." *United States v. Kaneshiro*, 2021 U.S. Dist. LEXIS 55610, at *7 (D. Haw. Mar. 24, 2021).

[9] U.S.S.G. § 1B1.13, Application Note 1(A), *supra* note 5.

[10] *United States v. Melillo*, 2020 U.S. Dist. LEXIS 164734, at *2–3 (W.D.N.C. Sep. 9, 2020); *United States v. Alexander*, 2020 U.S. Dist. LEXIS 85609, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity, but medical records showed that the BOP was "adequately managing [his] medical care"). The Court notes the Government has attached 235 pages of Joiner's medical records covering the period from June 2020 to April 2021. Dkt. 93-1. The Government noted that Joiner's current medical conditions including HIV, hepatitis B, and hypertension for which he is prescribed medication. Dkts. 93, at 3; 93–1. Finally, the Government noted that all of Joiner's medical conditions appear to be well managed by medication. Dkt. 93, at 3.

[11] Dkts. 93, at 3; 93–1.

[12] U.S.S.G. § 1B1.13, Application Note 1(B), *supra* note 6. Joiner's expected release date from a ten-year sentence, with 13 months served and 2 months credit for good conduct, is August 6, 2028; however, roughly 86 months are still outstanding. Dkts. 90, at 3–13; 93, at 2. "The length of the sentence remaining is an additional factor to consider in any compassionate release analysis." *Drummondo-Farias*, 460 F. Supp. 3d at 1013 (citing *United States v. Connell*, 2020 U.S. Dist. LEXIS 81642, at *18–19 (N.D. Cal. May 8, 2020)).

has not met any of the three elements to qualify under U.S.S.G. § 1B1.13, Application Note 1(B).

Additionally, there is no evidence to suggest that Joiner would be at less risk to contract the virus if he were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining in prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison"); *United States v. Hembry*, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020) (denying motion for inmate with diabetes based on COVID-19 risks where, *inter alia*, the incarcerated movant was "housed at a facility with no reported infections").

Currently, FCI Englewood—where Joiner is incarcerated—has zero confirmed active cases of COVID-19 among the 949 inmates.[13] Dkts. 90, at 2–3, 6; 93, at 6; 94, at 1.

Only 59 of the total 129,115 federal inmates within the 122 separate BOP-managed institutions are currently testing positive for COVID-19.[14] Additionally, BOP has

---

[13] FEDERAL BUREAU OF PRISONS VACCINE, *supra* note 8; *United States v. Kim*, 2021 U.S. Dist. LEXIS 86830, at *67.

[14] FEDERAL BUREAU OF PRISONS VACCINE, *supra* note 8.

administered 184,201 doses of the COVID-19 vaccine to inmates and staff.[15] Conversely, Clark County, the condensed area where Joiner would reside if released, has reported 108 new cases of COVID-19 in the last two weeks alone.[16] Dkt. 90–1, Exhibit B & C. Considering the low level of COVID cases across the entirety of BOP institutions and zero cases at FIC Englewood, the Court cannot find that Joiner would be at less risk if released into the community.

Finally, the Government asserts there are compelling reasons not to release Joiner at this time. The Government argues that the 18 U.S.C. § 3553(a) factors weigh against Joiner's release.[17] In particular, the Government asserts that Joiner would still pose a danger to public safety if released. Dkt. 93, 7–17. Joiner has served only 13 months of his 120-month sentence. Even with credit for good conduct, Joiner still has roughly 86 months left to serve. Dkts. 90, at 3–13; 93, at 2. Furthermore, the Government argues that Joiner's

---

[15] FEDERAL BUREAU OF PRISONS VACCINE, *supra* note 8.

[16] *Current Status Clark County*, NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, https://nvhealthresponse.nv.gov/ (last visited May 27, 2021).

[17] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]
    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

crime of "participat[ing] in a large-scale methamphetamine conspiracy for a prolonged period of time," arriving to an undercover buy operation with a loaded handgun, and his prior history of violating pretrial release conditions—testing positive for methamphetamine three times and contacting a witness—is serious enough to warrant serving the entirety of the hefty sentence.[18] Dkt. 93, at 15. The Government's arguments here are persuasive, but the Court need not determine if they alone would have been sufficient to deny the present motion given the lack of extraordinary and compelling reasons.

In sum, the Court finds that Joiner has not met his burden to show that "extraordinary and compelling reasons" exist warranting his release. Accordingly, the Court must DENY Joiner's Motion. 18 U.S.C. § 3582(C)(1)(A).

## V. ORDER

The Court HEREBY ORDERS:

1. Joiner's Motion for Compassionate Release (Dkt. 89) is **DENIED**.

DATED: June 16, 2021

David C. Nye
Chief U.S. District Court Judge

---

[18] Joiner was also granted pretrial release because of the risks associated with his HIV and COVID-19 if incarcerated at the commencement of nation-wide lockdowns, but he still violated the conditions of his pretrial release.  Dkt. 93, at 2.